# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SCOTT RAY ZABRISKIE,**

                    **Plaintiff,**

**-vs-**                                                                                                  **Case No. 6:05-cv-614-Orl-28KRS**

**THE CAR STORE, ORANGE COUNTY
SHERIFF'S OFFICE, JOHN DOE #1, JOHN
DOE #2, ORANGE COUNTY OFFICE OF
THE PUBLIC DEFENDER,**

                    **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56, FED. R. CIV. P. (Doc. No. 10)** |
| **FILED:** | **June 29, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **DEFENDANT, ORANGE COUNTY SHERIFF'S OFFICE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND/OR ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT (Doc. No. 13)** |
| **FILED:** | **June 29, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part without prejudice.

> **MOTION:   PUBLIC DEFENDER'S MOTION TO DISMISS COMPLAINT FOR DAMAGES (Doc. No. 16)**
>
> **FILED:      JUNE 30, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

> **MOTION:   PUBLIC DEFENDER'S AMENDED MOTION TO DISMISS COMPLAINT FOR DAMAGES (Doc. No. 18)**
>
> **FILED:      JULY 1, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

On April 25, 2005, Plaintiff Scott Ray Zabriskie filed a complaint against The Car Store, the Orange County Sheriff's Office, John Doe #1, John Doe #2 and the Orange County Office of the Public Defender (collectively the defendants). Zabriskie's complaint sets forth the following causes of action: (1) civil theft; (2) negligence contributing to civil theft; (3) negligence contributing to civil theft; (4) "violation of civil rights as to 42 U.S.C. § 1983 - deprivation of property"; (5) "false arrest (pendent Florida law)"; (6) "violation of civil rights as to 42 U.S.C. § 1983 - excessive fines and cruel and unusual punishment"; (7) illegal search; and (8) "Unconstitutionality of F.S.S. 713.78(C)". Doc. No. 1.

After reviewing Zabriskie's complaint and his untimely responses to the motions noticed above (doc. nos. 27, 28, 29), I am unable to determine precisely which claim or claims apply to each defendant. "Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if

properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b) . . . and with such clarity and precision that [each] defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees of Cent. Fla. Comty. College*, 77 F.3d 364, 366 (11th Cir. 1996) (footnote omitted); *see also Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1163-64 (M.D. Fla. 1996).  Until a clearer pleading is filed, it will be difficult, if not impossible, to consider the merits of the motions to dismiss.

Accordingly, I respectfully recommend that:  (1) the Car Store's Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P., or, Alternatively, Motion for Summary Judgment Pursuant to Rule 56, Fed. R. Civ. P. (doc. no. 10) be **DENIED** without prejudice; (2) the Orange County Office of the Public Defender's Motion to Dismiss Complaint for Damages (doc. no. 16) be **DENIED** without prejudice; and (3) the Orange County Office of the Public Defender's Amended Motion to Dismiss Complaint for Damages (doc. no. 18) be **DENIED** without prejudice.  I further recommend that Defendant, Orange County Sheriff's Office's, Motion to Dismiss Plaintiff's Complaint, and/or Alternative Motion for a More Definite Statement (doc. no. 13) be **GRANTED** in part and **DENIED** in part without prejudice and that the Court Order Zabriskie to file an amended complaint within (20) twenty days after its ruling on this Report and Recommendation.

In the amended complaint, Zabriske shall set forth each claim in a separate count of the complaint.  In each count, Zabriske must name as defendants only those persons who are responsible for the alleged constitutional violations set forth in the count and should clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation.  Zabriske should note that more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *accord Hansel v. All Gone Towing,*

*Inc.,* 132 Fed. Appx. 308 (11th Cir. 2005).  Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained.  *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976).  One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of a plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation.  Finally, in each count of the complaint, Zabriske must allege specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on September 1, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties